# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00402-CV

**Dan B. Uzzell, Appellant**

v.

**Jasper T. Roe, in his capacity as the Trustor and Primary Beneficiary of the Jasper T. Roe Irrevocable Trust, Appellee**

### FROM PROBATE COURT NO. 1, TRAVIS COUNTY
### NO. 82,286, HONORABLE GUY S. HERMAN, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Dan B. Uzzell appeals from an order terminating the Jasper T. Roe Irrevocable Trust and ordering the trust assets delivered to Jasper T. Roe. By two issues, Uzzell complains that the termination order was error because (1) it was barred by the doctrines of res judicata or collateral estoppel, and (2) the evidence supporting the termination order was legally or factually insufficient. We will affirm the probate court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

In September 2003, Roe signed a document titled Declaration of Irrevocable Trust wherein he assigned his real and personal property in trust to Uzzell as trustee. The terms of the trust provided that, as trustee, Uzzell was to "receive and hold said property, together with any additions thereto, in trust for the use and benefit of: Jasper T. Roe and Dan B. Uzzell." In October 2003, Roe filed an application for temporary restraining order and injunctive relief in Tarrant County probate

court seeking to enjoin Uzzell from effecting any transaction that could affect the assets of the trust, and from transferring any of Roe's remaining assets into the trust. Roe's petition also sought termination of the trust. In his pleadings, Roe stated that he was an eighty-eight year old retired military officer. Roe alleged that in September 2003, Uzzell, Roe's former stepson, contacted him and told him that they needed to go to the local branch of Bank One of Texas in order for Roe to sign documents before a notary public. Roe alleged that he was hard of hearing with poor eyesight, and that Uzzell never explained either the nature of the documents to be signed or their purpose. The irrevocable trust document that Roe signed at Uzzell's urging was drafted by Uzzell and made Uzzell both the trustee and a beneficiary of the trust. The trust provided that Uzzell would receive compensation for serving as trustee and made no provision for the disposition of the trust assets upon Roe's death.

In his petition for termination of the trust, Roe stated that once he was advised by legal counsel regarding the consequences of having executed the trust document, in particular the fact that his assets were under Uzzell's control, he desired to terminate the trust. Roe sought to have the trust terminated so that his assets could be returned to him and ultimately distributed in accordance with his will, of which Uzzell is not a beneficiary. Uzzell's whereabouts at that time, however, were unknown, and Roe ultimately was required to serve him with citation by publication.

In November 2003, the Tarrant County probate court signed a temporary injunction prohibiting Uzzell from effecting any transaction that could affect the trust assets or assets belonging to Roe that had not yet been transferred into the trust. In December 2004, on Uzzell's motion, the case was transferred to Travis County probate court.

2

While the termination suit was still pending in Tarrant County probate court, Machine Tool Leasing, Inc. and Adrian Gonzalez sued Uzzell, Roe, and the Jasper T. Roe Trust in Cameron County district court. It appears from the present record that Machine Tool and Gonzalez sued to recover $10,150 they gave to Uzzell to purchase machinery on their behalf. Uzzell deposited the funds in the Jasper T. Roe Irrevocable Trust and, when the trust was frozen, apparently was unable to withdraw funds to either purchase the machinery or refund the money. In May 2004, Roe filed an answer in the suit wherein he described the circumstances leading to the formation of the trust and stated that Uzzell had "confiscated [Roe's] assets and is holding them for his own benefit." Roe further stated that the trust was frozen by order of the Tarrant County probate court and that, in the event he recovered the trust assets and Uzzell had actually deposited Machine Tool's and Gonzalez's money in the trust, he would return that money to them. Roe requested that the court dismiss him from the Cameron County suit.

In June 2005, the Cameron County district court signed an order wherein it found that Roe, while competent to do so, had established a valid trust with Uzzell as the sole trustee. The court further found that Uzzell "conducted the affairs of the trust in a proper manner" and that, while doing so, Uzzell deposited Machine Tool's and Gonzalez's funds in the trust. The court found that Roe had wrongfully frozen the trust assets, ordered that the assets be turned over to Uzzell, and ordered the trust to return the money belonging to Machine Tool and Gonzalez and pay their

attorneys' fees.[1]  The Cameron County district court issued two turnover orders to the bank holding the trust assets, but the record contains no further information regarding the Cameron County suit.

In February 2006, the Travis County probate court conducted a hearing on Roe's petition to terminate the trust.  Counsel for Roe and Uzzell appeared, but Uzzell did not.  Roe was unable to attend the hearing due to infirmity.  Counsel for Roe introduced exhibits and also testified without objection regarding Uzzell's breaches of his fiduciary duty to Roe as trustee of the trust including his failure, despite repeated requests, to provide an accounting or any information regarding the status of the trust assets.  Counsel for Roe testified to his inability to contact Uzzell to obtain discovery in the proceeding and regarding Uzzell's failure to appear at a scheduled deposition and mediation.  Counsel for Roe also testified that Uzzell had wholly failed to communicate with Roe regarding the trust and that Uzzell had no involvement with Roe whatsoever.  Counsel for Roe further testified that the trust document was written by Uzzell, that it made Uzzell both the beneficiary and trustee of the trust, and that Roe did not understand the nature or purpose of the document he signed at Uzzell's instruction.

At the conclusion of the hearing, the Travis County probate court found that Uzzell had breached his fiduciary duty as trustee of the Jasper T. Roe Irrevocable Trust and also found that Uzzell committed fraud on Roe by instructing him to sign the trust document without explaining to Roe the consequences thereof.  The probate court signed an order terminating the trust and ordering the trust assets returned to Roe.  The court further ordered that, upon Roe's death, Uzzell had no

---

[1]  It is not apparent from the record whether Roe or his counsel participated in the proceedings resulting in this order.

4

interest in Roe's estate unless Roe provided for that in his last will and testament.  Uzzell appeals from the termination order, contending in two issues that the termination order was barred by res judicata or collateral estoppel and is not supported by legally or factually sufficient evidence.

## DISCUSSION

*Res Judicata*

In his first issue, Uzzell contends the doctrines of res judicata and collateral estoppel bar termination of the trust.  Specifically, Uzzell maintains that the Cameron County district court had previously signed an order finding that Roe was competent when he executed the trust, that the trust was valid, that Uzzell was the trustee, and that Uzzell had acted in a proper manner as trustee.  Uzzell argues that as a consequence of the Cameron County district court's order, Roe was barred from seeking to terminate the trust.  We disagree.

First, Uzzell waived his right to raise these defenses by failing to affirmatively plead them in the trial court.  The doctrines of collateral estoppel and res judicata are affirmative defenses that are waived unless affirmatively pleaded.  Tex. R. Civ. P. 94; *Domel v. City of Georgetown*, 6 S.W.3d 349, 353 (Tex. App.—Austin 1999, pet. denied); *Steel v. Rhone Poulenc, Inc.*, 962 S.W.2d 613, 617 (Tex. App.—Houston [1st Dist.] 1997), *aff'd*, 997 S.W.2d 217 (Tex. 1999).  To prevail on the affirmative defense of collateral estoppel, the movant has the burden of proving that (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action.  *Sysco Food Serv., Inc. v. Trapnell*, 890 S.W.2d 796, 802 (Tex. 1994).  In order to establish res judicata, the movant must prove the existence of (1) a prior final

judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on claims that were raised or could have been raised in the first action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). Uzzell failed to affirmatively plead these defenses. Moreover, no evidence or testimony regarding the Cameron County judgment was introduced at the hearing on the motion to terminate the trust; therefore, the issue was not tried by consent. While Uzzell did file a motion for summary judgment attaching the Cameron County judgment as an exhibit, he cannot rely on summary judgment exhibits that were not admitted into evidence at trial to raise unpleaded affirmative defenses or prove required elements of those defenses. Uzzell offered no evidence at the termination hearing supporting his present assertion that the Cameron County district court had disposed of the issues before the probate court, or that the issue of whether the trust should be terminated was barred by either collateral estoppel or res judicata.

Furthermore, absent waiver, neither res judicata nor collateral estoppel would serve as a bar to the termination order here. The issue in the Cameron County proceeding was whether Roe had established a valid trust. Conversely, the issue before the Travis County probate court was whether the trust should be terminated due to breaches of fiduciary duty and fraud on Uzzell's part. While the Cameron County district court found generally that Uzzell had "conducted the affairs of the trust in a proper manner," the order, signed on June 29, 2005, does not address conduct that occurred after that date, which included Uzzell's continuing breach of his fiduciary duties to Roe by failing to provide an accounting in the face of numerous requests and wholly failing to communicate with Roe, one of the beneficiaries of the trust. The Cameron County district court's order stated that

6

Roe, while competent to do so, established the trust, and that Uzzell, during some unidentified time period, conducted the affairs of the trust in a proper manner. This, however, did not preclude the Travis County probate court's subsequent conclusion that there had been sufficient breaches of fiduciary duty and fraud to justify terminating the trust. We overrule Uzzell's first issue.

### *Sufficiency of the Evidence*

By his second issue, Uzzell complains that there is legally or factually insufficient evidence to support the termination order. In a legal sufficiency challenge, we must determine whether the evidence at trial would enable a reasonable and fair-minded fact finder to reach the decision under review. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We review the evidence in the light most favorable to the challenged finding, crediting favorable evidence if a reasonable fact finder could and disregarding contrary evidence unless a reasonable fact finder could not. *Id.* at 821-22, 827. We sustain a legal sufficiency challenge when (1) there is a complete absence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of a vital fact. *Id.* at 810. More than a scintilla of evidence exists if the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004). In reviewing a factual sufficiency challenge, we consider and weigh all the evidence in the record, both in support of and against the finding, and set aside a finding only if the evidence that supports it is so weak or so against the great weight and

7

preponderance of the evidence that it is clearly wrong and manifestly unjust. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001).

Having reviewed the evidence presented at the hearing on the termination motion, we conclude that there was legally sufficient evidence to support the termination order. Counsel for Roe testified that Roe and Roe's friends told him that Uzzell, Roe's former stepson, took Roe, who was then eighty-eight years old, to the bank to execute some "necessary" documents. Counsel for Roe testified that Roe told him that "Uzzell came by and got him and said you need to go to the bank and sign some documents." Counsel for Roe testified that Roe told him he never knew what he was signing, and that no one ever explained the effect of the documents he was told to sign. Counsel for Roe further testified that Uzzell, though asked repeatedly, failed and refused to provide an account of the trust transactions as required by statute.[2] *See* Tex. Prop. Code Ann. § 113.151 (West 2007). This constituted a breach of Uzzell's fiduciary duty to Roe to fully disclose all material facts about the trust. *See Huie v. DeShazo*, 922 S.W.2d 920, 923 (Tex. 1995). Uzzell further breached that duty by wholly failing to communicate with Roe and avoiding any attempts by counsel for Roe to discover information about the trust during the pendency of this action. The evidence presented was sufficient to enable the probate court to reach its findings regarding Uzzell's breaches of his fiduciary duty to, and fraud upon, Roe in support of the termination order.

---

[2] Counsel for Uzzell lodged no objection to these hearsay statements. On appeal, Uzzell contends that this testimony is inadmissible hearsay evidence that lacks any probative value even though admitted without objection. Uzzell is incorrect. *See* Tex. R. Evid. 802 ("Inadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay.").

The evidence presented is also factually sufficient to support the termination order. Uzzell has not met his burden of establishing that, considering evidence both for and against the probate court's findings, the order terminating the trust is so weak as to be clearly wrong and manifestly unjust. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). Uzzell did not attend the hearing, and his attorney did not present evidence to contradict the evidence of breaches of fiduciary duty and fraud introduced by counsel for Roe. Examining all the evidence presented at the hearing, we conclude that it is not so weak or the probate court's findings so against the great weight and preponderance of the evidence as to render the termination order clearly wrong and manifestly unjust. *See Dow Chem. Corp.*, 46 S.W.3d at 242. We overrule Uzzell's second issue.

## CONCLUSION

We conclude that Uzzell waived the affirmative defenses of collateral estoppel and res judicata by failing to affirmatively plead them, and even if not waived, these doctrines do not bar the probate court's termination order. We further conclude that the evidence presented at the termination hearing was factually and legally sufficient to support the probate court's order. Consequently, we overrule Uzzell's two issues and affirm the probate court's order terminating the Jasper T. Roe Irrevocable Trust.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed:   July 8, 2009

9